*Order Filed on 11/10/2009 by Clerk U.S. Bankruptcy Court District of New Jersey*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| **Caption in compliance with D.N.J. LBR 9004-2(c)** | |
|---|---|
| DLA PIPER LLP (US)<br>Two Tower Center, 16th Floor<br>East Brunswick, New Jersey  08816-1100<br>Tel.:  732-590-1850<br><br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, New York  10020-1104<br>Tel.:  212-335-4500<br>Timothy W. Walsh (TW-7409) (*pro hac vice*)<br>Vincent J. Roldan (VR-7450)<br><br>*Attorneys for Debtors and Debtors in Possession* | |
| In re:<br><br><br>AMERICAN COMMERCIAL INCORPORATED, *et al.*, | Case No. 09-35359-NLW<br>Chapter 11<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE
DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER
<u>INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS</u>**

The relief set forth on the following pages, numbered two (2) through fourteen (14), is

hereby **ORDERED.**

**DATED: 11/10/2009**

*/s/ Novalyn L. Winfield*
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

EAST\42604527.3

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 2 of 13

Page No. 2 of 13
Debtors     American Commercial Incorporated, *et al.*
Case No.   09-35359
Caption of Order     **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

This matter coming before the Court on the Motion For (A) An Order (I) Approving Bidding Procedures For The Sale Of Certain Property, (II) Approving Certain Bidding Protections, (III) Approving The Form And Manner Of Notice Of The Bidding Procedures Hearing, The Auction And The Sale Hearing, And (IV) Scheduling An Auction And The Sale Hearing On An Expedited Basis; And (B) An Order Authorizing The Sale Of Such Property Free And Clear Of Liens, Claims, Encumbrances, And Other Interests, Except For Certain Permitted Title Exceptions (the "<u>Sale Motion</u>")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") seeking authority to sell the Property (as such term is defined in the Purchase Agreement) of American Incorporated, subject to the Permitted Title Exceptions, as such term is defined in the Purchase Agreement; the Court having reviewed the Sale Motion and the Affidavit in Support of First Day Motions; and this Court having entered an order dated October 6, 2009 (the "<u>Bidding Procedures Order</u>" and attached as Annex 1 thereto, the "<u>Bidding Procedures</u>") authorizing the Debtors to conduct, and approving the terms and conditions of, the Auction to consider offers for the Property; and the Court having reviewed the Sale Motion and all other papers filed with the Court relating thereto and having considered the statements of counsel with respect to the Sale Motion at the Sale Hearing; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) notice of the relief sought in the Sale Motion and the Sale Hearing was sufficient under the circumstances, and no further notice need be given, (iv) a sound business purpose exists to grant the relief contained herein, and (v) there is good cause to waive the ten-day stay imposed by Rules 6004(h) and 6006(d) of the

---

[1] All capitalized terms not defined herein shall have the meaning set forth in the Sale Motion or Bidding Procedures Order.

EAST\42604527.3

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 3 of 13

Page No. 3 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.   09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court having determined that the legal and factual bases set forth in the Sale Motion, the other papers filed by the Debtors and at the Sale Hearing establish just cause to grant the relief ordered herein.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction and authority to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N). Venue of these cases in this District is proper under 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Bankruptcy Rules 2002, 6004, 6006 and 9014.

B. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C. As evidenced by the affidavits of service filed with the Court, proper, timely, adequate and sufficient notice of the Sale Motion and the Sale Hearing has been provided in accordance with Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014 and in compliance with the Bidding Procedures Order. Notice of the Sale Hearing was also published in *The Post and Courier*, a local Charleston, South Carolina newspaper, and the national edition of *The New York Times*. The Debtors provided due and proper notice of the Sale. Such notice was sufficient and appropriate under the circumstances. No other or further notice of the Sale Motion, the Sale Hearing, or the entry of this Sale Order is necessary or shall be required.

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 4 of 13

Page No. 4 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.   09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

D.    A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities as outlined in the Sale Motion and the Bidding Procedures Order.

E.    The Debtors have demonstrated a sufficient basis and the existence of compelling circumstances requiring them to enter into the Purchase Agreement, sell the Property on the terms outlined therein, and such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their creditors, and their estates.

F.    The Debtors and their professionals have complied, in good faith, in all respects with the Bidding Procedures Order. As demonstrated by the evidence adduced at the Sale Hearing, (i) the Debtors afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offers to acquire the Property, (ii) the Debtors provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Property, and (iii) no other party submitted any bid and purchase the Property. Additionally, the Debtors have, under the circumstances, adequately and appropriately marketed the Property through, *inter alia*, the dissemination of information regarding the Property to interested purchasers.

G.    The offer of Gildan, upon the terms and conditions set forth in the Purchase Agreement, including the form and the total consideration to be realized by the Debtors pursuant to the Purchase Agreement, (i) is the highest and best offer received by the Debtors, (ii) is fair and reasonable, (iii) is in the best interest of the Debtors, their creditors and their estates, (iv) constitutes full and adequate consideration and reasonably equivalent value for the Property,

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 5 of 13

Page No. 5 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.   09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

and (v) constitutes reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act and fair consideration under the Uniform Fraudulent Conveyance Act.

H.   The Debtors' determination that the Purchase Agreement constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Debtors' business judgment.

I.   The Debtors have demonstrated compelling circumstances and a sufficient and sound business purpose and justification for the Sale prior to, and outside of, a plan of reorganization.

J.   Gildan is a buyer in good faith, as that term is used in the Bankruptcy Code, and is entitled to the protections of sections 363(m) and 363(n) with respect to the Property. The Purchase Agreement was negotiated and entered into in good faith, based upon arm's length negotiations and without collusion or fraud of any kind.

K.   The Debtors have full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the sale of the Property by the Debtors has been duly and validly authorized by all necessary action of the Debtors.  No consents or approvals other than those provided for in the Purchase Agreement are required for the Debtors to consummate the transactions described in the Purchase Agreement.

L.   Gildan would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, if either (i) the Sale to Gildan were not free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever (including rights of setoff), except those expressly assumed by Gildan in the Purchase Agreement, or (ii) Gildan would, or in the future could, be liable for any of such liens,

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 6 of 13

Page No. 6 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.   09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

claims, encumbrances, and other interests (including rights of setoff), including, but not limited to, any claims against the Debtors based upon successor or vicarious liability or otherwise.

M. The Debtors may sell the Property free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever (including rights of setoff), if any, except as otherwise provided in the Purchase Agreement, because, in each case, one or more of the conditions set forth in 11 U.S.C. § 363(f) has been satisfied. Accordingly, all persons having liens, claims, encumbrances, or other interests of any kind or nature whatsoever (including rights of setoff) against or in any of the Property, if any, shall be forever barred, estopped and permanently enjoined from pursuing or asserting such liens, claims, encumbrances, or other interests (including rights of setoff) against the Property, Gildan or any of its assets, property, successors or assigns.

N. The transfers contemplated by the Purchase Agreement do not and shall not subject Gildan to any liability for claims against the Debtors by reason of such transfers under the laws of the United States, any state, territory or possession thereof, including claims relating to the operation of the Debtors' businesses before the Closing Date, except as specifically provided in the Purchase Agreement.

O. Given all of the circumstances of the Debtors' chapter 11 cases and the adequacy and fair value of the total consideration under the Purchase Agreement, the proposed Sale of the Property to Gildan under the Purchase Agreement constitutes a reasonable and fair exchange of consideration and reasonable and sound exercise of the Debtors' business judgment, and should be approved.

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 7 of 13

Page No. 7 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.   09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

P.      All findings of fact and conclusions of law announced by the Court at the Sale Hearing are incorporated herein.

Q.      Time is of the essence in consummating the Sale.  In order to maximize the value of the Property and end the estate's expenses of preserving and maintaining the Property, it is essential that the Sale occur promptly upon satisfaction of all conditions to Buyer's obligations to close as set forth in the Purchase Agreement. Seller and Buyer each have indicated a desire to close the Sale as soon as reasonably possible.  Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

R.      The only objections filed to the Sale Motion were the limited objection filed by Harmon Meadow Plaza, Inc. (docket entry 64) ("<u>Harmon</u>"), and the Joinder filed by Lifetime Brands, Inc. (docket entry 71) ("<u>Lifetime</u>") (collectively, the "<u>Objections</u>").

S.      Allowing the Seller and Buyer to proceed with the Sale, and thereby converting the estate's interest in the Property into cash sale proceeds held by the estate, is in the best interests of the estate.

T.      Accordingly, there is no need or basis for the Court to delay consideration of the Sale of the Property to Buyer until after the Court has considered and ruled upon the Motion to Dismiss, and the Objections should be denied and overruled.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### General Provisions

1.      The Sale Motion is GRANTED, as further described herein.

2.      Except to the extent expressly specified otherwise in this Sale Order, all objections to the Sale Motion are denied.

EAST\42604527.3

*Approved by Judge Novalyn L. Winfield November  10, 2009*

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 8 of 13

Page No. 8 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.    09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

3. Entry of this Sale Order and its findings and conclusions do not necessitate a denial of Harmon Meadow Plaza, Inc.'s to motion dismiss the bankruptcy cases (docket entry 63) (the "<u>Motion to Dismiss</u>"). All issues raised by the Motion to Dismiss and any response thereto will be considered by the Court at the hearing on the Motion to Dismiss.

4. Any subsequent order entered by the Court on the Motion to Dismiss shall not affect the validity, enforceability or finality of this Sale Order.

### **Approval of the Purchase Agreement**

5. The Purchase Agreement and all of the terms and conditions thereof, are hereby approved.

6. The Sale of the Property to Gildan is approved pursuant to sections 105, 363 and 365 of the Bankruptcy Code, and the Debtors and Gildan and their affiliates, officers, directors, employees and agents are authorized and directed to immediately take such actions as are necessary to consummate and implement the Purchase Agreement. The terms and conditions of the Purchase Agreement are hereby approved in all respects.

7. The Debtors, as well as their affiliates, officers and agents, are authorized and directed to execute and deliver the Purchase Agreement, together with all additional agreements, instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and effectuate the provisions of this Sale Order and the transactions approved hereby, all without further order of the Court. Additionally, pursuant to section 363(b) of the Bankruptcy Code, the Debtors are hereby authorized and empowered to fully assume, perform under, consummate, and implement the Purchase Agreement, together with such additional agreements, instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, and to take all further actions as may

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 9 of 13

Page No. 9 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.   09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

reasonably be requested by Gildan for the purpose of selling, assigning, transferring, granting, conveying, conferring and delivering to Gildan, or transferring to Gildan's possession, any or all of the Property, or as may be necessary or appropriate to the performance of the obligations, and make effective the transactions contemplated by the Purchase Agreement, all without further order of this Court.

### Transfer of the Property

8. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Property in accordance with the terms of the Purchase Agreement, and, upon the closing under the Purchase Agreement, such transfers shall (a) be valid, legal, binding and effective transfers, (b) vest Gildan with all right, title and interest of the Debtors in and to the Property, and (c) be free and clear, unless otherwise specified in the Purchase Agreement, of all liens, claims, encumbrances, and other interests of any kind (including rights of setoff), whether arising prior to or subsequent to the commencement of the Debtors' chapter 11 cases, and whether imposed by agreement, law, equity or otherwise, with all such liens, claims, encumbrances, and other interests attaching to the proceeds of the sale.

9. All persons or entities holding liens, claims, encumbrances, or other interests of any kind or nature (including rights of setoff) with respect to the Property are hereby barred from asserting such liens, claims, encumbrances, or other interests of any kind or nature (including rights of setoff) against Gildan, its successors or assigns, or the Property.

10. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Property to Gildan in accordance with this Sale Order and the terms of the Purchase Agreement.

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 10 of 13

Page No. 10 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.    09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

## **Additional Provisions**

11. Gildan shall have no liability or responsibility for any liabilities or other obligations of the Debtors arising under or related to the Property, except as set forth otherwise in the Purchase Agreement.

12. On and after the Closing Date, each of the Debtors' creditors, if any, asserting a lien in any of the Property is authorized and directed to execute such documents and take all other actions as may be necessary to release its liens on or against the Property being transferred pursuant to the Purchase Agreement, as such liens may have been recorded or otherwise exist; provided that the failure of any such creditors to comply with the provisions of this paragraph shall in no way limit the release, discharge and termination of any such lien against the Property purchased as otherwise provided by this Sale Order; and provided further that no such release shall in any way compromise, impair, or negate any such creditor's assertion of such lien rights against the sale proceeds.

13. If any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens, or other documents or agreements evidencing claims against or in the Debtors or the Property shall not have delivered to the Debtors prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtors or the Property or otherwise, then only with regard to the Property being acquired by Gildan pursuant to the Purchase Agreement, Gildan is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all claims against the Property other than the Permitted Title Exceptions. This Sale Order is deemed to be in recordable form sufficient to

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 11 of 13

Page No. 11 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.    09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

be placed in the filing or recording system of each and every federal, state or local government agency, department or office.

14. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the Purchase Agreement and the provisions of this Sale Order.

15. Each and every federal, state and local government agency or department and all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds and other similar persons are hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement and this Sale Order.

16. All persons or entities that are presently, or on the Closing Date may be, in possession of some or all of the Property are hereby directed to surrender such possession to Gildan on the Closing Date.

17. This Court retains jurisdiction to (a) enforce and implement the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith; (b) compel delivery of the Property to Gildan; (c) compel specific performance of the Debtors' and Gildan's obligations under the Purchase Agreement; (d) resolve any disputes arising under or related to the Purchase Agreement; (e) interpret, implement and enforce the provisions of this Sale Order; and (f) determine any disputes relating to or concerning the receipt, use, application or retention of the proceeds from the sale of the Property.

EAST\42604527.3

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 12 of 13

Page No. 12 of 13
Debtors    American Commercial Incorporated, *et al.*
Case No.   09-35359
Caption of Order    **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

18. Nothing contained in any plan of reorganization or liquidation confirmed in these bankruptcy cases or the order of confirmation confirming such plan shall conflict with or contradict the provisions of the Purchase Agreement or this Sale Order. To the extent that any provision of this Sale Order is inconsistent with the provisions of the Purchase Agreement, any prior order, or any pleading with respect to the motions in these cases, the terms of this Sale Order shall control.

19. Gildan is deemed a buyer in good faith of the Property and thus entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

20. The terms and provisions of the Purchase Agreement, together with the terms and provisions of this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, the Debtors' estates and the Debtors' creditors, Gildan and its affiliates, successors and assigns, and any affected third parties and persons or entities asserting a claim against or interest in or lien on the Debtors' estates or any of the Property to be sold to Gildan pursuant to the Purchase Agreement, notwithstanding any subsequent appointment of any trustee for the Debtors under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding in all respects.

21. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material and notice of such modification, amendment or supplement is provided any statutory committee of unsecured creditors appointed in these chapter 11 cases, and in the absence of such statutory committee, to Harmon and Lifetime.

EAST\42604527.3

*Approved by Judge Novalyn L. Winfield November 10, 2009*

Case 09-35359-NLW    Doc 80    Filed 11/10/09    Entered 11/10/09 16:50:36    Desc Main
Document    Page 13 of 13

Page No. 13 of 13
Debtors   American Commercial Incorporated, *et al.*
Case No.   09-35359
Caption of Order   **ORDER AUTHORIZING THE SALE OF CERTAIN PROPERTY OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT FOR CERTAIN PERMITTED TITLE EXCEPTIONS**

22. The failure specifically to reference any particular provision of the Purchase Agreement in this Sale Order shall not diminish or impair the efficacy of such provision.

23. The Debtors and Gildan are hereby authorized and directed to take all actions reasonably necessary to effectuate the terms of the Purchase Agreement, the transactions contemplated thereunder and the provisions of this Sale Order, all without the necessity of any further order of the Court.

24. The provisions of Bankruptcy Rules 6004(g) and 6006(d) shall not apply to stay consummation of the sale of the Property to Gildan under the Purchase Agreement, as contemplated in the Sale Motion and approved by this Sale Order, and the Debtors and Gildan are hereby authorized to consummate the transactions contemplated and approved herein immediately upon entry of this Sale Order.

25. Any appeal seeking to enjoin or stay consummation of the Sale (the "Appeal") shall be subject to the appellant depositing or posting a bond in an amount equal to the then aggregate purchase price, and applicable damages, pending the outcome of the Appeal.

26. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Purchase Agreement, all modifications thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith.

*Approved by Judge Novalyn L. Winfield November 10, 2009*